UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:21-cv-01481-SEP |
| | ) |
| BUSEY BANK, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is pro se Plaintiff Karen Boyd's Motion for Leave to File First Amended Complaint. Doc. [20]. Defendants do not oppose the Motion. For the reasons set forth below, the Motion is granted.

Plaintiff contends that her first amended complaint "seeks to correct and clarify her initial [Complaint]." *Id.* at 1. Specifically, Plaintiff asserts that she has removed two counts from her Complaint and has "bolstered the remaining causes of action with additional factual and legal support, and edited the document for content." *Id.* at 2. Pursuant to Federal Rule of Civil Procedure 15(a)(2), once the time has passed for amendments of a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule further states that "[t]he court should freely give leave when justice so requires." *Id.* Under Rule 15's liberal amendment policy, "denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Hillesheim v. Myron's Cards & Gifts, Inc*, 897 F.3d 953, 955 (8th Cir. 2018) (cleaned up) (quoting *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001)). Moreover, "parties should usually be given at least one chance to amend their complaint." *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999).

Having reviewed Plaintiff's proposed amendments in light of the above standards, the Court finds that leave to amend should be granted. The parties should be aware that the "amended complaint supersedes [the] original complaint and renders the original complaint without legal effect." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

As discussed at the August 11, 2022, Rule 16 Conference, Defendants Busey Bank, Mortgage Electronic Registration System, and PennyMac Loan Services, LLC, shall notify the Court within seven (7) days of this Memorandum and Order if they want their pending motions to dismiss to apply to Plaintiff's amended complaint.  Lacking such notice, the Court will deny those motions as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint, Doc. [20], is **GRANTED.**

**IT IS FURTHER ORDERED** that, **within seven (7) days** of this Memorandum and Order, Defendants Busey Bank, Mortgage Electronic Registration System, and PennyMac Loan Services, LLC, shall notify the Court if they have elected to apply their pending motions to the amended complaint.

Dated this 15th day of August, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE