## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KAREN BOYD, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:21-cv-01481-SEP |
| PULASKI BANK, NA, (BUSEY BANK), et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

Before the Court are the Motion to Dismiss filed by Defendant Pulaski Bank, NA, n/k/a Busey Bank (Busey Bank) and the Motion to Dismiss filed jointly by Defendants PennyMac Loan Services, LLC, (PennyMac) and Mortgage Electronic Registration Systems, Inc. (MERS). Docs. [6], [7]. The motions are fully briefed. For the reasons set forth below, the Court grants both motions.

### FACTS AND BACKGROUND[1]

On October 18, 2021, pro se Plaintiff Karen Boyd initiated this lawsuit in state court seeking to protect her interest in property located at 7228 Pennsylvania Avenue in St. Louis, Missouri (Property). Defendants removed the case to federal court on December 26, 2021. Doc. [1].

Defendants US Bank, NA (US Bank), Ginnie Mae REMIC 2016-088 Trust (Ginnie Mae), and JP Morgan Securities, LLC (JP Morgan), failed to respond to Plaintiff's Petition, Doc. [3], and the Clerk of Court entered default against those parties, Docs. [22], [29]. Defendants Busey Bank, PennyMac, and MERS moved to dismiss the suit on December 17, 2021. Docs. [6], [7]. Plaintiff filed the First Amended Complaint on August 15, 2022, Doc. [37], after which Defendants Busey Bank, PennyMac, and MERS elected to apply their pending motions to dismiss to the First Amended Complaint, Doc. [39] at 1. In the First Amended Complaint, Plaintiff sues Busey Bank,[2] JP Morgan, US Bank, Ginnie Mae, PennyMac, MERS, and Does 1

---

[1] For purposes of this Motion, the Court assumes that the factual allegations in the First Amended Complaint, Doc. [37], are true. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

[2] Busey Bank is Pulaski Bank's successor in interest, as Pulaski Bank merged into Busey Bank in 2016. *See* Doc. [7] at 2.

1

through 100 inclusive for damages, and she asks for a "judicial determination and declaration" of her rights related to the Property. Doc. [37].

On July 20, 2016, Boyd executed a negotiable promissory note and a Deed of Trust to secure a loan of $94,208.00 which she obtained from Pulaski Bank.[3] *Id.* ¶¶ 12, 13, 37; *see id.* at 14. According to Boyd, Pulaski Bank identified MERS as its beneficiary and nominee under the Deed of Trust. *Id.* ¶ 22.

Paragraph 23 of the Deed of the Trust, entitled "Release," states: "Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument." Doc. [37] at 35. Paragraph 20, entitled "Sale of Note," states the following: "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." *Id.* at 34. The Deed of Trust explicitly provides that "[a] sale might result in a change in the entity . . . that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law." *Id.*

Boyd alleges that Pulaski Bank assigned certain interests in the Note to JP Morgan.[4] *Id.* ¶¶ 16-19, 24. JP Morgan's interest was purportedly "sold, transferred, assigned, and securitized into Ginnie Mae REMIC Trust 2016-088" on July 29, 2016; US Bank operates as the trustee for Ginnie Mae. *Id.* at 14; *see also id.* ¶¶ 6, 24-26. MERS then purportedly assigned the Deed of Trust to PennyMac through an "Assignment of Deed of Trust," which was executed and recorded on June 2, 2020. *Id.* ¶ 47-48.

The First Amended Complaint brings four counts against the various defendants. *See* Doc. [37]. In Count I, Boyd claims that Defendants Busey Bank and MERS breached the terms of the Deed of Trust by failing to release her of her obligations to repay the loan upon

---

[3] The Court takes judicial notice of the terms of the Promissory Note and Deed of Trust in Doc. [37]. *See Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003)) ("In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss.").

[4] In her First Amended Complaint, Boyd alleges that Busey Bank "purports to have negotiated in accordance to all applicable law the Tangible Note obligation in an ordinary course of business to successor defendant JPMorgan Securities," and "unlawfully purported to assign, transfer, or convey account debtor capacity as Accommodated Party to JPMorgan Securities, LLC successor and successor defendants in consideration for a service release premium received for Accommodated Party services rendered." Doc. [37] ¶ 17.

2

assignment of the Deed of Trust. *Id.* ¶¶ 55-60. In Count II, Boyd alleges that Defendants claim an adverse interest in the Property, and that the loan securitization constitutes a cloud on her title; she requests that the Court quiet title against all Defendants. *Id.* ¶¶ 61-70. In Count III, Boyd asks for "declaratory relief" under 22 U.S.C. § 2201(a) against all Defendants. *Id.* ¶¶ 71-80. And in Count IV, Boyd brings a slander of title claim against all Defendants for recording the assignment of the Deed of Trust on June 2, 2020, and for failing to file certain documents relating to the ownership of the Property. *Id.* ¶¶ 81-89.

## LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to give "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Facial plausibility requires that the factual content of the plaintiffs' allegations "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). The Court must draw all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). Ordinarily, only the facts alleged in the complaint are considered for purposes of a motion to dismiss; however, materials attached to the complaint may also be considered in evaluating its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff. . . ." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). Pro se pleadings, in particular, are liberally construed and held to less stringent standards than those drafted by an attorney. *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). Still, pro se pleadings may not be conclusory and must state sufficient facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). If a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *Crest Const. II, Inc. v. Doe*,

660 F.3d 346, 355 (8th Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555. And although courts must accept all factual allegations in the complaint as true, they need not accept "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted); *see also Iqbal*, 556 U.S. at 677-78.

## DISCUSSION

Defendants Busey Bank, MERS, and PennyMac argue that Boyd fails to allege sufficient facts to support the required elements for any claim. *See* Docs. [6], [7]. The Court agrees.

### I. Breach of Contract

Under Missouri law, Boyd must plead three essential elements to state a claim for breach of contract: "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Missouri Mil. Acad.*, 304 S.W.3d 98, 104 (Mo. 2010) (citing *Howe v. ALD Servs., Inc.*, 941 S.W.2d 645, 650 (Mo. Ct. App. 1997)).

In her First Amended Complaint, Boyd argues that "Defendant [Busey Bank] and specifically MERS, their electronic agent, was obligated to satisfy, release, and reconvey the beneficial security interest in Plaintiff's pledged Deed of Trust upon payment of all sums associated with the release premium to [Busey Bank] for Accommodated Party services rendered." Doc. [37] ¶ 57. According to Boyd, Defendants Busey Bank and MERS failed "to release, satisfy, and reconvey" the Deed of Trust, even though Busey Bank "was paid in full . . . when it sold and relinquished its interest in the subject property to Depositor." *Id.* ¶¶ 57-59. By not releasing Boyd of her obligations under the Deed of Trust, Boyd claims that the Defendants breached "the terms found in paragraph 23 of the Deed of Trust." *Id.* ¶¶ 58, 59.

Paragraph 23 of the Deed of Trust states: "*Upon payment of all sums secured by this Security Instrument*, Lender shall release this Security Instrument." *See* Doc. [37] at 35 (emphasis added). Paragraph 20 of the Deed of the Trust explicitly authorizes sale of the instrument and makes clear that such a sale does not dissolve the borrower's obligations under the Deed of Trust.[5] Thus, Boyd's claim is contradicted by the plain text of the contract.

---

[5] *See* Doc. [37] at 34 ("The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the

4

The Eighth Circuit has also squarely rejected arguments that securitization of a loan eliminates borrowers' repayment obligations. *See Millon v. JPMorgan Chase Bank, N.A.*, 518 F. App'x 491, 496 (8th Cir. 2013) ("Although [plaintiff] contends that the mechanics of how his note was securitized and transferred between different financial entities creates a factual dispute, [plaintiff] has failed to explain how this has any legal significance that impacts Deutsche Bank's right to enforce the note as holder."); *see also Baker v. CitiMortgage, Inc.*, 2017 WL 6886712, at *9 (D. Minn. Dec. 21, 2017), *report and recommendation adopted*, 2018 WL 1838060 (D. Minn. Apr. 18, 2018), and *aff'd*, 753 F. App'x 428 (8th Cir. 2019) ("[Plaintiff] alleges that CitiMortgage and MERS were obligated to release any security interest in the property when the loan was securitized . . . [Plaintiff] has not alleged that she has paid off the loan, and Covenant 23 of the Mortgage 'is triggered when the balance of the mortgage has been satisfied.'").

Boyd responds that she has made "sufficient factual allegations demonstrat[ing] that there has most likely been a break in the chain of title of the subject Note and/or Mortgage/Deed of Trust" such that Defendants' "entitlement to an equitable interest in the subject property, or any other form of interest is nonexistent." Doc. [41] at 4. But Boyd alleges no facts demonstrating that Defendants' securitization of her loan relieved her of her payment obligations. Nor does she allege that she has paid off the loan. Because Paragraph 23 of the Deed of Trust—the term Boyd claims Defendants breached—is triggered only when Boyd pays off the loan, she cannot establish the third element of breach. Therefore, Count I fails to state a breach-of-contract claim.

## II.  Quiet Title

The Missouri quiet title statute provides that:

> Any person claiming any title, estate or interest in real property . . . may institute an action against any person or persons having or claiming to have any title, estate or interest in such property . . . to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property.

Mo. Rev. Stat. § 527.150(1).

---

entity . . . collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law.").

5

Boyd argues that "a judicial determination as to the rights of the parties is needed" because "Defendants claim an interest and estate in the property adverse to Plaintiff. . . ." Doc. [37] ¶¶ 62, 70.  According to Boyd, Defendants have asserted that they are the "owner, or the holder of the Note secured by the Deed of Trust to the subject property." *Id.* ¶¶ 62. Because "the claims of all Defendants are without any legal right whatsoever," Boyd argues, "Defendants' claims of interest in the subject property constitute a cloud on [her] title to the subject property." *Id.* ¶¶ 64-65.

Defendants argue that Boyd does not plead facts showing how Defendants claim an adverse interest or cloud her title to the Property.  While Boyd is correct to point out that "[Missouri's quiet-title] statute is remedial in nature and is to be liberally construed," *id.* ¶ 69 (quoting *Jetz Service Co., Inc. v. KC Citadel Apts., L.L.C.*, 59 S.W.3d 527, 529 (Mo. Ct. App. 2001)), that does not save her quiet title claim.  The federal pleading standards—Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure—apply in determining whether a complaint makes out a claim under state law. *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013).  In *Karnatcheva*, the Eighth Circuit affirmed dismissal of a quiet-title action alleging deficiencies in the assignment of the plaintiffs' mortgages and foreclosures because the plaintiffs did not plead enough facts to state a claim. *Id.* at 548.  In that case, "the plaintiffs' pleadings, on their face, [did] not provide[] anything to support their claim . . . other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid." *Id.* (citing *Iqbal,* 556 U.S. at 678; *Twombly,* 550 U.S. at 555).

Like the plaintiffs in *Karnatcheva*, Boyd does not allege any facts, beyond labels and legal conclusions, in support of her quiet-title claim; therefore, Count II fails to state a claim.

### III.     Declaratory Relief

To bring a declaratory judgment action, a plaintiff [1] "must demonstrate a justiciable controversy exists that presents a real, substantial, presently existing controversy as to which specific relief is sought"; [2] "must also demonstrate a legally protected interest directly at issue and subject to immediate or prospective consequential relief"; [3] must present a question "ripe for judicial determination"; and [4] "must also demonstrate that he or she does not have an adequate remedy at law." *Grewell v. State Farm Mut. Auto. Ins. Co.*, 102 S.W.3d 33, 36 (Mo. 2003).

6

Boyd requests a declaratory judgment "as to who the actual holder/owner of the Note and Deed of Trust actually is," given that "[a]n actual controversy . . . exists between Plaintiff and Defendants." Doc. [37] ¶¶ 72, 74. Defendants argue that Boyd fails "to allege the existence of any justiciable controversy that is ripe for judicial determination." Doc. [7] at 14; Doc. [6] at 7 ("There are no factual allegations that form the basis of a claim for declaratory relief in Plaintiff's Petition.").

Boyd correctly points out that the Declaratory Judgment Act, 28 U.S.C. § 2201, applies to her claim for declaratory relief. *See* Doc. [37] ¶ 76; *DeFeo v. Proctor & Gamble, Co.*, 831 F. Supp. 776, 779 (N.D. Cal. 1993) ("[T]he Declaratory Judgment Act is implicated even in diversity cases. . ."); *cf. Karnatcheva*, 704 F.3d at 547. Because the Federal Rules of Civil Procedure apply to claims brought under the Declaratory Judgment Act, *see* Fed. R. Civ. P. 57, Boyd "must comply with the pleading requirements of Rule 8(a)." *Karnatcheva*, 704 F.3d at 547 (citing 10B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2768 (4th ed. 2022)).

Boyd does not allege facts meeting Rule 8(a)'s pleading standards that any justiciable controversy exists, let alone one that is ripe for judicial determination or demonstrates that she has a legally protected interest entitling her to relief. *See Karnatcheva*, 704 F.3d at 547 (affirming dismissal of plaintiff's request for a declaratory judgment). Because Boyd's allegations "lack 'sufficient factual matter, accepted as true,' [to] raise plausible questions as to the rights of parties . . . but instead offer only legally insufficient conjecture and 'labels and conclusions,'" they fail to state a claim for a declaratory judgment under Missouri law. *Id*. (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555).

### IV.   Slander of Title

Slander of title requires "false words that are maliciously published, causing the plaintiff to suffer a pecuniary loss or injury." *Arbors at Sugar Creek Homeowners Ass'n v. Jefferson Bank & Tr. Co.*, 464 S.W.3d 177, 188 (Mo. 2015). To bring a slander of title claim under Missouri law, a plaintiff must allege that it has: "1) some interest in the property, 2) that the words published were false, 3) that the words were maliciously published, and 4) that [it] suffered pecuniary loss or injury as a result of the false statement." *Bechtle v. Adbar Co., L.C.*, 14 S.W.3d 725, 728 (Mo. Ct. App. 2000) (citing *Kennedy v. Kennedy,* 819 S.W.2d 406, 409 (Mo. Ct. App. 1991)). "An action for slander of title cannot exist without a malicious intent." *Id.*

7

(citing *Tongay v. Franklin Cnty. Mercantile Bank,* 735 S.W.2d 766, 770 (Mo. Ct. App. 1987)). To plead malice, a plaintiff must plead facts "support[ing] a reasonable inference that the representation not only was without legal justification or excuse, but also was not innocently or ignorantly made." *Id.* at 729.

Defendants argue that Boyd does not allege facts showing that they have slandered her title, "whether by falsely publishing any document on title, acting with malice, or causing Plaintiff Damages." Doc. [7] at 12; *see also* Doc. [6] at 6. In her First Amended Complaint, Boyd alleges that Defendants failed to record "UCC 1 Financing Statements perfecting a personal property interest" and that "[s]uch instruments remain[] unrecorded as 'Secret Liens'. . . ." Doc. [37] ¶¶ 82-84. Boyd further claims that "[t]he act of recording the purported June 2, 2020 Assignment of Deed of Trust . . . is a communication to a third party of false statement derogatory to Plaintiff's title made with malice, causing special damages to the Plaintiff's claim of title." *Id.* ¶ 86.

Boyd alleges only that Defendants recorded an assignment of the Deed of Trust that incorrectly identified the holder of legal title and failed to record other documents. Those allegations "contain nothing but naked assertions that one or more of the named defendants suspected that [the assignee] lacked legal title . . . yet chose to publish statements to the contrary." *Dunbar v. Wells Fargo Bank, N.A.*, 709 F.3d 1254, 1258 (8th Cir. 2013). Nothing in Boyd's allegations suggests that Defendants acted with malice. Consequently, Boyd "fail[s] to plead factual content that 'permit[s] the court to infer more than the mere possibility of misconduct.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679). *See also Erickson v. Nationstar Mortg.*, LLC, 2020 WL 7353708, at *4 (E.D. Mo. Dec. 15, 2020) (dismissing slander-of-title claim because it alleged only "unsupported legal conclusions" and defendant was authorized to make assignment of the deed of trust).

## Conclusion

Because the Court concludes that Boyd fails to allege sufficient facts to support the required elements for her claims against *any* of the Defendants, the Court grants the motions to

8

dismiss filed by Defendants Busey Bank, MERS, and PennyMac, Docs. [6], [7], and dismisses the case as to the remaining defendants.[6]

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motions to dismiss, Docs. [6], [7], are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions for default judgment, Docs. [26], [30], are **DENIED as moot**.

**IT IS FINALLY ORDERED** that Plaintiff's First Amended Complaint, Doc. [37], is **DISMISSED with prejudice**.

A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 29th day of September, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[6] "When co-defendants are similarly situated, inconsistent judgments will result if one defendant defends and prevails on the merits and the other suffers a default judgment. To avoid such inconsistent results, a judgment on the merits for the answering party should accrue to the benefit of the defaulting party." *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citation omitted). "Parties are not similarly situated and a default judgment does not establish inconsistent judgments, however, if the liability of the defaulting party is based on independent wrongful acts or a legal theory distinct from the one under which the answering party prevailed." *Id.* (citation omitted). Here, the defaulting defendants are similarly situated to the prevailing defendants because Boyd does not allege independent wrongful acts or base her claims against them on independent legal theories.